UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEROME PERKINS                                         CIVIL ACTION

VERSUS                                                 NO. 13-5008

JOHN CLAREY, III et al                                 SECTION: "G"(4)

ORDER AND REASONS

Before the Court is Petitioner American Zurich Insurance Company's ("Zurich") "Motion for Leave to File Intervention" pursuant to Federal Rule of Civil Procedure 24.[1] Having considered the motion and the applicable law, the Court will deny the motion without prejudice.

I. BACKGROUND

In this personal injury litigation, Plaintiff Jerome Perkins ("Perkins") claims that he was bitten by the Defendant John Clarey, III's ("Clarey") labrador retreiver while he was working at Riverboat Productions, L.L.C. in Harahan, Louisiana.[2] Perkins brings suit against Clarey as well as Defendant State Farm Insurance Company ("State Farm"), which provided homeowners insurance to Clarey. Although the Complaint does not explicitly state that the Court's jurisdiction over this matter is grounded in diversity, Perkins does allege that he is a citizen of Louisiana while Clarey and State Farm are citizens of other states, and that he has suffered damages of $1,350,000, which exceeds the $75,000 jurisdictional threshold.

On April 16, 2014, Zurich filed the pending "Motion for Leave to File Intervention."[3] According to the proposed Complaint-in-Intervention, Zurich paid workers' compensation benefits

---

[1] Rec. Doc. 25.

[2] Rec. Doc. 1 at ¶ 1.

[3] Rec. Doc. 25.

to Perkins in connection with his dog-bite injuries.[4] Zurich names Clarey and State Farm as defendants-in-intervention, and asserts that it "is entitled to preference and priority over Jerome Perkins for any judgment rendered in favor of Jerome Perkins and against the Defendants-in-Intervention."[5] However, in its motion and proposed Complaint-in-Intervention, Zurich fails to assert that diversity of citizenship exists between Zurich and the two proposed defendants-in-intervention, or that the amount in controversy exceeds $75,000. Indeed, Zurich does not address any specific basis for subject matter jurisdiction in its motion or proposed petition.

## II. LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. "It has long been the general rule that complete diversity of parties is required in order that diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same State as any party on the other side."[6] Diverse citizenship must be present at the time the complaint is filed, and it is not affected by "subsequent changes in the citizenship of the parties."[7] The burden of proof is on the party asserting jurisdiction,[8] and jurisdiction must be apparent on the face of the complaint.[9] The rules requiring the party asserting jurisdiction to do so "are straightforward, and the law

---

[4] Rec. Doc. 25-2 at ¶ 3.

[5] *Id.* at ¶ 5.

[6] *Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974).

[7] *Id.* at 1398-99.

[8] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[9] *See, e.g., Kerney v. Fort Griffin Fandangle Ass'n*, 624 F.2d 717, 719 (5th Cir. 1980) (pleading party must set out basis for jurisdiction "distinctly and affirmatively"); *Cont'l Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1343 (5th Cir. 1979).

demands strict adherence to them,"[10] and so a petitioner in intervention must assert the basis for subject matter jurisdiction of its claims.

Although 28 U.S.C. § 1367(a) provides that supplemental jurisdiction exists over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," this broad grant is not unlimited.[11] Subsection (b) provides that in an action brought under 28 U.S.C. § 1332—that is, an action based solely on diversity—"the district courts shall not have supplemental jurisdiction under subsection (a)" over intervenor claims brought under Federal Rule of Civil Procedure 24 "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."[12]

Therefore, in a diversity action, as here, petitioners must independently meet the appropriate jurisdictional requirements in order to intervene.[13] In a diversity action, either a lack of complete diversity arising from the presence of the intervenor in the suit or the presence of an amount in controversy that does not exceed $75,000 is sufficient to bar jurisdiction over claims that would otherwise be covered by supplemental jurisdiction.[14] Even where the claims in the underlying lawsuit satisfy the amount in controversy requirement, the intervenor claims must also satisfy the

---

[10] *Nadler v. Am. Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).

[11] *Id.* ("Except as provided in subsections (b) and (c) . . . .").

[12] 28 U.S.C. § 1367(b).

[13] *Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010).

[14] *Id.* at 387 ("In this case, the lack of complete diversity and the presence of an amount in controversy less than $75,000.00 are both inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332.").

amount in controversy requirement.[15] It is of no consequence that it might be more logical or convenient to adjudicate the intervenor claims within the same suit, as "convenience cannot supplant the unambiguous language of a jurisdictional statute."[16]

Here, Zurich has not demonstrated that an independent basis for jurisdiction exists. It has neither alleged complete diversity of citizenship, nor has Zurich asserted that its intervenor claims meet the necessary amount in controversy. Therefore, subject matter jurisdiction is not apparent on the face of Zurich's intervenor complaint.

### III. CONCLUSION

For the reasons set forth above, Zurich has failed to meet its burden as the party asserting jurisdiction. Accordingly,

**IT IS HEREBY ORDERED** that the "Motion for Leave to File Intervention"[17] is **DENIED WITHOUT PREJUDICE**. Zurich may refile its motion if it can properly assert an independent basis of jurisdiction.

**NEW ORLEANS, LOUISIANA**, this 18th day of April, 2014.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Id.* at 389.

[16] *Id.* at 389-90 (also noting that "efficiency and economy cannot confer jurisdiction upon courts where Congress has, according to the Supreme Court, unambiguously chosen to limit such jurisdiction").

[17] Rec. Doc. 25.